IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OSCAR ORDUNO, INC., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:20-CV-3682-D |
| VS. § | |
| § | |
| LIBERTY MUTUAL INSURANCE § | |
| CO., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this suit on a payment bond under Tex. Gov't Code Ann. § 2253.073(a) (West 2016), the court must decide whether summary judgment on defendant's limitations defense is precluded by a genuine issue of material fact on plaintiff's assertion of equitable estoppel, and whether plaintiff is entitled to summary judgment on defendant's limitations defense. Concluding that neither side is entitled to summary judgment, the court denies both parties' motions.

I

In 2019 Kevin Richeson d/b/a CES Contractor ("CES") entered into a contract with the Texas Department of Transportation ("TxDOT") to make improvements and repairs to a bridge in Johnson County, Texas (the "Project").[1]  Because the contract qualified as a

---

[1] Because both sides move for summary judgment, the court will recount the evidence that is undisputed, and, when it is necessary to set out evidence that is contested, will do so favorably to the side who is the summary judgment nonmovant in the context of that evidence. *See, e.g., GoForIt Ent., LLC v. DigiMedia.com L.P.*, 750 F.Supp.2d 712, 718 n.4

public work contract, CES was required to obtain a payment bond to ensure that subcontractors were paid. Accordingly, CES, as principal, and Developers Surety and Indemnity Company ("DSIC"), as surety, executed and issued a payment Bond ("Bond") to TxDOT.

Plaintiff Oscar Orduno, Inc. ("Orduno") later entered into a subcontract with CES under which Orduno agreed to provide temporary special shoring for the Project. Under the subcontract, Orduno was to submit payment applications for each month that it worked, and CES was to make payment on the applications within 30 days of receipt.

Orduno began construction of the temporary special shoring in June 2019. It submitted payment applications for the work it performed in June, July, and August 2019. CES made no payments on Orduno's payment applications. In September 2019 Orduno notified CES that it would not complete its work under the subcontract until it received payment in full for the outstanding payment applications. CES responded that it would only pay upon completion of the Project. CES never paid any of the amounts it owed to Orduno, and, as a result, Orduno never returned to the Project.

On September 16, 2019 CES sued Orduno in state court ("CES Lawsuit") based on Orduno's refusal to return and complete the subcontract. On the same day CES filed suit, Orduno mailed a notice of claim ("Notice of Claim") to DSIC claiming that CES owed it $236,384.69 for the labor and material Orduno furnished on the Project. Defendant Liberty

---

(N.D. Tex. 2010) (Fitzwater, C.J.) (quoting *AMX Corp. v. Pilote Films*, 2007 WL 1695120, at *1 n.2 (N.D. Tex. June 5, 2007) (Fitzwater, J.)).

Mutual Insurance Company ("Liberty"), as administrator for DSIC, responded to the Notice of Claim on September 24, 2019, requesting that Orduno provide additional documents in support of its claim. Counsel for Orduno responded to Liberty's letter and provided the requested documents.

On November 11, 2019 Thomas Duke ("Duke"), Liberty's Claims Counsel, sent an email to Chad Johnson ("Johnson"), Orduno's counsel, advising him that he had recently learned about the CES Lawsuit. As pertinent to the instant summary judgment motions, Duke stated:

> [b]ased on the filing of the lawsuit, I must conclude for the time being that a legitimate dispute exists between [CES] and Orduno regarding the validity and/or the amount of Orduno's claim on the Bond. As DSIC is not required to decide disputed issues of fact and law in responding to a claim on the Bond, *DSIC may either deny the claim or leave the claim open until such time as the parties are able to reach a resolution of the disputed claim. . . . For now, I will leave the claim open to allow the parties a reasonable time to resolve the disputed issues*.

D. App. 65 (emphasis added). Johnson replied to Duke's email on November 18, 2019, stating, "Yes, please leave the claim open." *Id.* at 67. On August 20, 2020 CES nonsuited its claims against Orduno, and on September 2, 2020 the state court granted CES's motion to nonsuit and dismissed the CES Lawsuit. On October 5, 2020 Johnson emailed Duke to inform him that the CES Lawsuit had been nonsuited and to re-assert Orduno's claim on the Bond. Duke responded that because "more than one year has passed and no lawsuit has been filed . . . the claim is time-barred." *Id.* at 69.

On November 19, 2020 Orduno filed the instant lawsuit against Liberty in Texas state

- 3 -

court, alleging claims for suit on the payment bond under Tex. Gov't Code Ann § 2253.073(a), violation of various provisions of the Texas Insurance Code, and declaratory judgment. Liberty removed the case to this court, moved to dismiss Orduno's Texas Insurance Code claims, and asserted a declaratory judgment counterclaim and request for attorney's fees and costs. Orduno later amended its complaint to omit its Texas Insurance Code claim.

Liberty now moves for summary judgment. Orduno opposes the motion and cross-moves for partial summary judgment. The court is deciding the motions on the briefs.

II

When a party moves for summary judgment on claims on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovant must go beyond its pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) ( per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet this burden. *Little*, 37 F.3d

at 1076.

To be entitled to summary judgment on a claim or defense on which the moving party will bear the burden of proof at trial, the movant "must establish 'beyond peradventure all of the essential elements of the claim or defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that the movant must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

### III

Liberty moves for summary judgment on the ground that Orduno's suit on the Bond is time-barred under Tex. Gov't Code Ann. § 2253.078(b).

### A

Tex. Gov't Code Ann. § 2253.078(b) provides that "[a] suit on a payment bond may not be brought by a payment bond beneficiary after the first anniversary of the date notice for a claim is mailed under this chapter." The parties have stipulated, for purposes of the pending cross-motions for summary judgment, that Orduno submitted its Notice of Claim on September 16, 2019 and filed the instant suit on the payment Bond on November 19, 2020,

more than one year after Orduno filed its Notice of Claim. Orduno's claim is therefore time-barred under § 2253.078(b) unless, as Orduno argues, Liberty is estopped from asserting the statute of limitations as a bar to Orduno's claims.

B

Under Texas law, "[a] plaintiff may invoke equitable estoppel to prevent an opponent from prevailing on limitations if the opponent, his or her agent, or representatives make representations that induce the plaintiff to delay filing suit within the applicable limitations period." *Hill v. Bartlette*, 181 S.W.3d 541, 545 (Tex. App. 2005, no pet.) (citations omitted); *see also Rendon v. Roman Catholic Diocese of Amarillo*, 60 S.W.3d 389, 391 (Tex. App. 2001, pet. denied) ("It is beyond dispute that estoppel may be invoked to defeat a claim of limitations . . . [if] the defendant engaged in conduct that induced the plaintiff to forego a timely suit regarding a cause of action that the plaintiff knew existed."); *Vaughn v. Sturm-Hughes*, 937 S.W.2d 106, 108 (Tex. App. 1996, writ denied) ("Equitable estoppel may bar a limitations defense when a party, his agent, or representative makes representations that induce a plaintiff to delay filing suit until the limitations period has run."). "Unlike deferring accrual under the discovery rule or tolling under fraudulent concealment, the effect of equitable estoppel is to prevent a party from raising the statute of limitation as a defense altogether." *Centralian Controls Pty., Ltd. v. Maverick Int'l, Ltd.*, 2018 WL 1415650, at *6 (E.D. Tex. Feb. 23, 2018) (citing *Leonard v. Eskew*, 731 S.W.2d 124, 129 (Tex. App. 1987, writ ref'd n.r.e.) ("The effect of such estoppel . . . is simply to preclude the defendant's interposing the limitations bar when he has induced the plaintiff not to file suit.")). A

- 6 -

plaintiff seeking to invoke equitable estoppel as an affirmative defense in avoidance of a defendant's limitations defense must prove the following required elements: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593-94 (Tex. 2017) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515-16 (Tex. 1998)). "When equitable estoppel is alleged in avoidance of a limitations defense, the failure to file suit must be 'unmixed' with any want of diligence on the plaintiff's part." *Forrest v. Vital Earth Res.*, 120 S.W.3d 480, 487 (Tex. App. 2003, pet. denied) (citing *Lenoard* 731 S.W.2d at 129; *Jim Walter Homes, Inc. v. Mora*, 622 S.W.2d 878, 880 (Tex. App. 1981, no writ)).

C

1

Liberty moves for summary judgment on Orduno's equitable estoppel defense, primarily contending that the undisputed evidence shows that Liberty made no false representation to, or concealed any material fact from, Orduno. Liberty contends that it specifically responded to Orduno's counsel that (1) it appeared that a legitimate dispute existed between Orduno and CES regarding the validity and/or amount of Orduno's claim on the Bond, (2) that, under such circumstances, Liberty could either deny the claim or leave it open, and (3) that Liberty decided to leave the claim open to allow the parties a reasonable

time to resolve the disputed issues; that Liberty made no promise or agreement to the effect that Orduno did not have to timely file suit or that it was agreeing to toll the one-year statute of limitations; that Liberty did not request that Orduno refrain from joining Liberty as a party to the pending CES Lawsuit or from filing a separate suit under the Bond, did not acknowledge the validity or amount of the claim on the Bond, and did not promise to pay Orduno's claim at some point in the future; that, if Orduno disagreed with Liberty's position stated in the November 11, 2019 email, or if Orduno was unable to resolve its claim against CES within a reasonable period of time, Orduno had ample time to join Liberty as a party to the pending CES Lawsuit or to file a separate suit against Liberty on the Bond; that nothing in the November 11, 2019 email was false or misleading; and that it is difficult to imagine that Orduno's counsel interpreted the November 11, 2019 email as a promise to toll the applicable one-year limitations period and relied "on such a faulty understanding without so much as a single telephone call or return email . . . confirming his understanding," D. 7/16/21 Br. 11-12.

Orduno responds and cross-moves for summary judgment, contending that where, as here, a defendant causes a plaintiff to delay filing suit past the relevant limitations period by stating that it will address the plaintiff's claim after the related pending litigation is resolved, the defendant is, without exception, estopped from asserting the statute of limitations as a bar to the plaintiff's claims; that Liberty promised to address Orduno's claims after the underlying litigation had been resolved, Orduno accommodated Liberty by delaying filing suit until after the underlying litigation had been resolved, and the court should refuse to

validate Orduno's broken promise; that it is immaterial that Orduno and Liberty did not enter into a tolling agreement; and that there was no lack of diligence on the part of Orduno's counsel.

Liberty maintains in response to Orduno's cross-motion that neither the statement of its claims counsel that "[f]or now, I will leave the claim open to allow the parties a reasonable time to resolve the disputed issues," nor the context of this statement expressly or impliedly promised to leave Orduno's claim open until after the underlying litigation was resolved, pay the claim once the litigation had been resolved, toll the running of the one-year limitations period, or request that Orduno forbear pursuing its claim on the Bond or filing suit against Liberty; that the cases Orduno cites are distinguishable on their facts because each involved (1) a claim that was valid and undisputed, (2) an unqualified promise or agreement to pay the claim by the defendant, and (3) delay in bringing the suit in reliance on the defendant's promise or agreement to pay, and none of these facts is present here; and that Orduno did not exercise diligence after receiving the November 11, 2019 email because, *inter alia*:

> [f]or almost 11 months, there were no follow up conversations or communications by Orduno or its counsel with [Liberty] regarding its claim on the Bond or to inquire about or clarify [Liberty's] position on the application of the statute of limitations until after the limitations period had expired, despite the fact that CES dismissed its lawsuit against Orduno on September 2, 2020 before the statute of limitations expired on September 16, 2020,

D. Resp. 11-12 (citation omitted).

2

As stated above, Liberty and Orduno have stipulated that, after Orduno submitted its Notice of Claim, Liberty's Claims Counsel responded in a November 11, 2019 email as follows:

> [b]ased on the filing of the [CES L]awsuit, I must conclude for the time being that a legitimate dispute exists between [CES] and Orduno regarding the validity and/or the amount of Orduno's claim on the Bond. As DSIC is not required to decide disputed issues of fact and law in responding to a claim on the Bond, *DSIC may either deny the claim or leave the claim open until such time as the parties are able to reach a resolution of the disputed claim. . . . For now, I will leave the claim open to allow the parties a reasonable time to resolve the disputed issues.* Until then, DSIC is not in a position to determine either the validity or the amount of the claim submitted by Orduno.

D. App. 65 (emphasis added).

For largely the reasons explained in Liberty's motion and response, *see* D. 7/16/21 Br. 10-11; D. Resp. 5-7, the court concludes that a reasonable jury could find on the basis of the November 11, 2019 email that Liberty only committed to hold Orduno's claim open for "a reasonable time," and did not promise to hold the claim open or otherwise imply that Liberty would hold the claim open beyond the one-year statute of limitations.

But a reasonable jury could also find based on the same evidence (i.e., the November 11, 2019 email) that Liberty represented that it would keep Orduno's claim open until Orduno and CES resolved their underlying dispute. This is because in the sentence immediately preceding the statement that Liberty would leave the claim open "for now . . . to allow the parties a reasonable time to resolve the disputed issues," Liberty stated that

- 10 -

because a legitimate dispute existed between Orduno and CES, Liberty had the option of either denying the claim or "leav[ing] the claim open *until such time as the parties are able to reach a resolution of the disputed claim.*" D. App. 65 (emphasis added). Orduno argues that Liberty "presented its two alternatives to Orduno: (1) deny the claim, or (2) keep the claim open *until* the dispute was resolved. In its next sentence [Liberty] stated that it was selecting the latter, to which Orduno agreed by responding 'yes, please keep the claim open.'" P. Reply 7 n.2.

The court concludes that this is also a reasonable interpretation of the November 11, 2019 email. And under Orduno's reading of the November 11, 2019 email, a reasonable jury could also find that Liberty's representation that it would hold Orduno's claim open until Orduno resolved the underlying dispute with CES was misleading if Liberty only intended to keep the claim open until the statute of limitations expired and not, as it represented, until the parties reached a resolution of the disputed claim. *See, e.g. Forrest*, 120 S.W.3d at 487 ("The cases finding equitable estoppel are cases that involve promises by a defendant, which are not intended to be fulfilled, but instead are intended to induce the plaintiff to delay filing of the suit until after limitations has run." (citing cases)). Because there are at least two reasonable views of the summary judgment evidence,[2] the court concludes that a genuine

---

[2]"When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact." *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 812 n.8 (N.D. Tex. 2009) (Fitzwater, C.J.) (citing *Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at *17 n.25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.)).

issue of material fact precludes the entry of summary judgment with regard to the first element of Orduno's equitable estoppel defense, i.e., whether Liberty made a false representation or concealment of material fact. Accordingly, because Orduno has raised a genuine issue of material fact, but has not established the first element of its estoppel defense beyond peradventure, the court denies Orduno's motion for summary judgment.

3

Liberty also appears to move for summary judgment on the ground that Orduno did not exercise diligence in pursuing its claim. It maintains in its motion that Orduno had ample time to join Liberty as a party to the pending CES Lawsuit or to file a separate suit against Liberty on the Bond and that

> [f]rankly, it is also quite difficult to conceive of Johnson, a licensed Texas attorney, being " . . . a party without knowledge or the means of knowledge of the real facts . . ." or as a person who, when he received the Nov. 11 E-mail, would have interpreted anything Duke said as a promise to toll the applicable one-year limitations period and, thereafter, have relied on such a faulty understanding without so much as a single telephone call or return email to Duke confirming his understanding. . . . An allegation of inducement to delay filing suit cannot be mixed with any want of diligence on Orduno's part.

D. 7/16/21 Br. 11-12.

Orduno responds that it did not exercise a lack of diligence, but

> it merely relied on the promise of a fellow member of the bar to keep the claim open until the underlying lawsuit was resolved . . . [and] then did exactly what Defendant asked [by] wait[ing] until the underlying Lawsuit was resolved and promptly reach[ing] back out to Defendant to reassert Orduno's claim

- 12 -

once the order dismissing the underlying Lawsuit was final.

P. 8/6/21 Br. 13.[3]

As stated above, when equitable estoppel is alleged in avoidance of a limitations defense, the failure to file suit must be "unmixed" with any want of diligence on the plaintiff's part. *Leonard*, 731 S.W.2d at 129. But whether Orduno was diligent or whether it reasonably relied on Liberty's alleged misrepresentations is a fact question for the jury. *See Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 2017 WL 3167652, at *3 (E.D. Tex. July 25, 2017) (citing *Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*, 2016 WL 5423178, at *9 (E.D. Tex. Sept. 27, 2016) ("[T]he exercise of reasonable diligence is usually a question of fact.")). Because a reasonable jury could find, based on the evidence,[4] that Orduno acted diligently in pursuing its claim under Tex. Gov't Code Ann § 2253.073(a),[5] the court denies Liberty's motion for summary judgment to the extent Liberty maintains that Orduno failed to exercise diligence in pursuing its claim.

---

[3]In its reply, Orduno explains that "the court in the underlying lawsuit had plenary power for thirty days after the dismissal on September 2, 2020, meaning the dismissal order was not final until Friday, October 2, 2020. Orduno reached back out to Defendant to reassert its claim on the bond on Monday, October 5, 2020—the first business day after the order was final." P. Reply 2.

[4]As stated above, *see supra* note 2, "[w]hen this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact." *Valcho*, 658 F.Supp.2d at 812 n.8 (citing *Swicegood*, 2003 WL 22234928, at *17 n.25).

[5]Under Tex. Gov't Code Ann. § 2253.073(a), Orduno had a right to sue on the payment bond if its claim "[wa]s not paid before the 61st day after the date the notice for the claim is mailed."

4

Although Liberty broadly states in its motion for summary judgment that "[t]here is no evidence of the required elements of the affirmative defense of equitable estoppel," D. 7/16/21 Br. 10, it does not specifically point to the absence of evidence with respect to any of the remaining elements of Orduno's estoppel defense.[6] Accordingly, because Orduno has created a genuine issue of material fact with respect to the first element of its estoppel defense and with respect to the question of diligence, the court concludes that Liberty is not entitled to summary judgment on Orduno's claim under Tex. Gov't Code Ann § 2253.073(a) or request for declaratory judgment.

---

[6] For example, Liberty's motion does not specifically address the fourth and fifth elements of Orduno's collateral estoppel defense, i.e., that plaintiff was a party without knowledge or means of obtaining knowledge of the facts who detrimentally relied on defendant's representations. *Johnson & Higgins of Tex., Inc.*, 962 S.W.2d at 515-16. At least one Texas court of appeals has observed that there appears to be no Texas "case holding that a genuine issue of material fact existed concerning the fourth and fifth elements of the equitable-estoppel defense to avoid application of the statute of limitations when the 'party without knowledge or means of [obtaining] knowledge of the facts' was a party represented by counsel." *Woods v. Soules*, 2018 WL 2248488, at *2 (Tex. App. May 17, 2018, pet. denied) (alteration in original) (citing cases). But because Liberty does not clearly move for summary judgment with respect to the fourth and fifth elements of Orduno's estoppel defense—it states only that "it is . . . quite difficult to conceive of Johnson, a licensed Texas attorney, being ' . . . a party without knowledge or the means of knowledge of the real facts,'" D. 7/16/21 Br. at 11—the court will not address what impact, if any, the presence of counsel has on Orduno's ability to satisfy the estoppel elements.

\*   \*   \*

For the reasons explained, the court denies Liberty's motion for summary judgment and denies Orduno's cross-motion for summary judgment.

**SO ORDERED**.

December 14, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE